UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK HENRY,

    Petitioner,

v.

PATRICIA CARUSO,

    Respondent.
_____/

CASE NO. 06-CV-11938
HONORABLE AVERN COHN
UNITED STATES DISTRICT JUDGE
HONORABLE MONA MAJZOUB
UNITED STATES MAGISTRATE JUDGE

Mark A. Sawata (P47021)
Attorney for Petitioner
3000 Town Center, Ste. 1700
Southfield, MI 48075

MICHAEL A. COX
ATTORNEY GENERAL

Brian O. Neill (P63511)
Assistant Attorney General
Attorney for Respondent
Appellate Division
P.O. Box 30217
Lansing, MI 48909
(517) 373-4875

**RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO COMPLY
WITH THE STATUTE OF LIMITATIONS & BRIEF IN SUPPORT**

## Motion

    Now comes Respondent through counsel, Michael A. Cox, Attorney General of the State of Michigan, and Brian O. Neill, Assistant Attorney General, and moves this Court to dismiss this action for Petitioner's failure to comply with the statute of limitations. 28 USC 2244(d).

**Brief in Support of Motion to Dismiss**

**Statement of the Case**

In support of this motion, Respondent states:

1. Petitioner Patrick Henry was convicted by a jury in the Wayne County Circuit Court of second-degree murder and use of a firearm during commission of a felony for shooting and killing Michael Vitale.

2. On **October 27, 1997**, Petitioner was sentenced to 25-to-40 years' imprisonment. (Judgment of Sentence, 10/27/97, LC No. 96-9068, attached as Appendix A).

3. On **December 5, 1997**, Petitioner filed a timely claim of appeal in the Michigan Court of Appeals.

4. On **November 16, 1998**, however, Petitioner's appeal was dismissed for failure to file a brief. (Order, 11/16/98, COA No. 208143, attached as Appendix B).

5. On **July 16, 1999**, 242 days later, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals.

6. On **October 14, 1999**, Petitioner's delayed application for leave to appeal was granted. (Order, 10/14/99, COA No. 220957, attached as Appendix C).

7. On **March 26, 2001**, however, the Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction because the appeal was filed outside the time for appeal as required by MCR 7.205(f)(3) and because Petitioner could still pursue his claims, including appellate counsel's failure to file timely, in the trial court through a motion for relief from judgment pursuant to MCR 6.500 *et seq*. (Order, 03/26/01, COA No. 220957, attached as Appendix D).

8. On **April 16, 2001**, Petitioner filed a motion in the Court of Appeals to reconsider the dismissal.

9. On **May 24, 2001**, the motion to rehear and reconsider the dismissal was denied. (Order, 05/24/01, COA No.220957, Attached as Exhibit E).

10. On **August 13, 2001**, 81 days after the dismissal, Petitioner filed a motion for relief from judgment in the trial court.

13. On **February 19, 2002**, the trial court denied the motion for relief from judgment.

2

14. On **March 12, 2002**, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.

15. On **September 9, 2003**, in an unpublished per curiam opinion, the Court of Appeals rejected Petitioner's claims. (*People v Henry*, Court of Appeals No. 240081).

16. On **December 29, 2003**, Petitioner filed an application for leave to appeal in the Michigan Supreme Court.

17. On **January 27, 2005**, the Michigan Supreme Court denied Petitioner's application for leave. (*People v Henry*, Michigan Supreme Court No. 125326, attached as Appendix F).

18. On **April 25, 2006**, Petitioner commenced this cause, pursuant to 28 USC 2254, by filing a habeas petition challenging his conviction. (USDC Docket Sheet, Case No. 06-CV-11938, attached as Appendix G).

## Argument

**Habeas review of this petition is barred by the statute of limitations.**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub L No 104-132, 110 Stat 1214 (AEDPA) applies to all habeas petitions filed after April 24, 1996, the effective date of the act. 28 USC 2244(d), as amended by the AEDPA, states:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As the Sixth Circuit explained in *Payton v Brigano*, application for post-conviction or collateral review serves only to toll the statute of limitations, it does not reset it or create a new date from which the statute begins to run[1]:

> Section 2244(d)(1)(A) provides that the statute of limitations begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 2244(d)(1)(A) (emphasis added). By contrast, the tolling provision, 2244(d)(2), specifically references "properly filed applications for State post-conviction or other collateral review." 2244(d)(2). As the district court observed: "The plain language of the statute indicates that an application for state post conviction or other collateral relief does not serve to delay the date on which a judgment becomes final. Rather, such limitations merely toll the running of the statute of limitations. 2244(d)(2)." In short, the statute makes a clear distinction between the conclusion of direct appeals and post-conviction relief.

In other words, under 2244(d)(1)(A), the 1-year statute of limitations begins to run after the conclusion of direct review or expiration of time to seek direct review. An application for post-conviction review will toll the statute of limitation under 2244(d)(2), but it does not reset the 1-year time limit.

Here, Petitioner was sentenced on October 27, 1997. His subsequent claim of appeal was dismissed on November 16, 1998. Pursuant to MCR 7.302(C)(2), Petitioner had 56 days to seek direct review of that order in the Michigan Supreme Court. The statute of limitations therefore began to run on January 11, 1999.

---

[1] *Payton v Brigano*, 256 F3d 405, 408-409 (CA 6, 2001).

On July 16, 1999, 186 days after the statute of limitations began to run, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Court of Appeals mistakenly granted leave on October 14, 1999, then dismissed the case for lack of jurisdiction on March 26, 2001. Petitioner subsequently filed a motion for rehearing, which the Court denied on May 24, 2001. Giving Petitioner the maximum benefit of the doctrine of equitable tolling, the time period between July 14, 1999 and May 24, 2001 will not be considered for purposes of this motion. The statute of limitations should, however, be considered to once again run after May 24, 2001.

On August 13, 2001, 81 days later, Petitioner filed a motion for relief from summary judgment in the trial court. The motion was denied by the trial court and the denial was affirmed by the Court of Appeals. On January 27, 2005, the Michigan Supreme Court denied Petitioner's application for leave to appeal. The time for Petitioner to file a further appeal to the United States Supreme Court expired ninety days later, on April 27, 2005. (See Supreme Court Rule 13.1).

Adding the elapsed time of 186 days after January 11, 1999, and 81 days after May 24, 2001, Petitioner had until August 3, 2005, 98 days from April 27 2005, to file his application for habeas relief. Instead, Petitioner waited until April 25, 2006, to file his application, 266 days *after* the statute of limitations had run.

Furthermore, Petitioner's failure to meet the statute of limitations is not attributable to his state-appellate counsel. Although Petitioner's initial appeal was dismissed for failure to file a brief, his claims were heard through his motion for relief from judgment. After the Michigan Court of Appeals denied application for leave to appeal denial of that motion, Petitioner not only

had 98 days left under the statute of limitations, but an additional 90 days during which the statute tolled, a total of 188 days to file his petition.

This petition should be dismissed with prejudice for failure to comply with 28 USC 2244(d).

## Conclusion and Relief Sought

Respondent requests that the petition be denied with prejudice.

Respectfully submitted,

Michael A. Cox
Attorney General

s/Brian O. Neill
Assistant Attorney General
Appellate Division
P.O. Box 30217
Lansing, MI  48909
NeillB@michigan.gov
(P63511)

Dated:  October 30, 2006
2006021874APatrick Henry/Answer

## Certificate of Service

      I hereby certify that on October 30, 2006, I electronically filed the foregoing papers with the Clerk of the Court using ECF system which will send notification of such filing to the following:

    Honorable Avern Cohn
    Honorable Mona Majzoub

and I hereby certify that Cathy Pawlus has mailed by United States Postal Service the following papers to the following non-ECF participant:

        Mark A. Satawa
        Attorney for Petitioner
        3000 Town Center Ste. 1700
        Southfield, MI 48075

                      MICHAEL A. COX
                      Attorney General

                      s/Brian O. Neill
                      Assistant Attorney General
                      Appellate Division
                      P.O. Box 30217
                      Lansing, MI  48909
                      NeillB@michigan.gov
                      (P63511)