**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PATRICK HENRY,

    Petitioner,        Case Number: 06-CV-11938

v.              HONORABLE AVERN COHN

PATRICIA CARUSO,

    Respondent.
              /

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Patrick Henry (Petitioner) is incarcerated pursuant to state court convictions for second-degree murder and felony firearm.[1] Petitioner has filed a petition for a writ of habeas corpus, through counsel, claiming that he was denied his right to the effective assistance of trial and appellate counsel, his right to due process was violated when the prosecutor denigrated the defense, and he was denied his right to present a defense. Respondent, through the Attorney General's office, filed a Motion to Dismiss for Failure to Comply with the Statute of Limitations. For the reasons which follow, the motion will be granted.

II.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder and felony firearm. On October 27, 1997, Petitioner was

---

[1] Because Petitioner is a former Captain with the Michigan Department of Corrections, he is currently housed in a Federal Bureau of Prisons correctional facility.

sentenced to twenty-five to forty years imprisonment for the murder conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner filed a claim of appeal in the Michigan Court of Appeals. However, the appeal was dismissed on November 16, 1998, for want of prosecution because a timely brief was not filed. People v. Henry, No. 208143 (Mich. Ct. App. Nov. 16, 1998). On July 16, 1999, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals granted leave to appeal. People v. Henry, No. 220957 (Mich. Ct. App. Oct. 14, 1999). Approximately eighteen months later, the Michigan Court of Appeals dismissed the appeal for lack of jurisdiction because the application was untimely. People v. Henry, No. 220957 (Mich. Ct. App. March 26, 2001). Petitioner filed a motion for reconsideration, which was denied. People v. Henry, No. 220957 (Mich. Ct. App. May 24, 2001). Petitioner did not file an application for leave to appeal this decision in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, Oct. 2, 2006.

On August 13, 2001, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion on February 19, 2002. People v. Henry, No. 96-009068 (Wayne County Cir. Ct. Feb. 19, 2002). Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. People v. Henry, No. 240081 (Mich. Ct. App. Sept. 9, 2003); People v. Henry, 472 Mich. 851 (Mich. Jan. 27, 2005). Petitioner filed the pending petition for a writ of habeas corpus on April 25, 2006.

III.

Respondent has filed a motion to dismiss on the ground that the petition was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

     Here, Petitioner filed a timely claim of appeal in the Michigan Court of Appeals. That appeal was eventually dismissed on November 16, 1998, for failure to file a brief. Respondent argues that the limitations period commenced fifty-six days later, on January 11, 1999, when Petitioner's time for seeking direct review of that order in the Michigan Supreme Court expired. The Court disagrees. Because the Michigan Court of Appeals granted a subsequently filed delayed application for leave to appeal on October 14, 1999, the limitations period did not commence on January 11, 1999.

     The Michigan Court of Appeals dismissed Petitioner's appeal on March 26, 2001 because the court belatedly determined that the delayed application for leave to appeal had been filed outside the applicable one-year limitations period. A motion to reconsider that dismissal was denied on May 24, 2001. Under these circumstances, Petitioner's conviction became final fifty-six days later, July 19, 2001, when the time for

3

filing an application for leave to appeal in the Michigan Supreme Court expired. See Redmond v. Jackson, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); Brown v. McKee, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (same); Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (same).

Petitioner filed a motion for relief from judgment on August 13, 2001. The filing of that motion tolled the limitations period after thirteen days had elapsed. Petitioner's motion for relief from judgment was denied by the trial court. Petitioner filed applications for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court, both of which denied leave to appeal. The Michigan Supreme Court denied leave to appeal on January 27, 2005. Prior to February 20, 2007, the limitations period would have been statutorily tolled for ninety days from the date the state supreme court denied leave to appeal; that is, "until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application." Abela v. Martin, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), *cert. denied sub nom.* Caruso v. Abela, 124 S. Ct. 2388 (May 24, 2004). However, the Supreme Court recently held that the AEDPA's limitatons period is statutorily tolled only while *state* courts review an application for post-conviction relief, not while a petition for certiorari is or could be pending. Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1082-83 (2007). Thus, the ninety-day period after the Michigan Supreme Court denied leave to appeal is not statutorily tolled in this case.

That leaves open the question whether Petitioner is entitled to equitable tolling of

the ninety-day period. Even assuming this period is tolled, the petition still is not timely. Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on January 28, 2005, the day after the Michigan Supreme Court denied leave to appeal his conviction. Bronaugh v. Ohio, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninetieth day for Petitioner to file his petition for a writ of certiorari fell on April 27, 2005. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. Bronaugh, 235 F.3d at 285. Accordingly, assuming equitable tolling applies to that ninety-day period, the limitations period, of which 352 days remained, resumed running on April 28, 2005. It continued to run, uninterrupted, until it expired on April 14, 2006. Petitioner filed his petition on April 25, 2006, eleven days after the limitations period expired. His petition, therefore, is untimely.

IV.

For the reasons stated above, Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations is **GRANTED**. This case is **DISMISSED**.

**SO ORDERED.**

Dated: June 25, 2007          s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

5

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 25, 2007, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                       Case Manager, (313) 234-5160