UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK HENRY,

       Petitioner,

v.                                                                    Case No. 06-11938

PATRICIA CARUSO,                                HONORABLE AVERN COHN

       Defendant.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OR ALTERNATIVELY FOR A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case.  On April 25, 2006, Petitioner Patrick Henry, through counsel, filed a petition for a writ of habeas corpus claiming that he was denied his right to the effective assistance of trial and appellate counsel, his right to due process was violated when the prosecutor denigrated his defense, and he was denied his right to present a defense.  Petitioner filed a supplemental brief on July 31, 2006 further detailing his claims.  On October 30, 2006, Respondent filed a motion to dismiss for failure to comply with the statute of limitations.  Petitioner did not file a response.  On June 25, 2007, the Court entered an order granting Respondent's motion and dismissing the case.  See Opinion and Order Granting Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations.

On June 24, 2008, almost a year later, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b).  Petitioner argued that counsel never received a

copy of the June 25, 2007 decision and was therefore not able to file a timely appeal.[1]

The Court denied the motion, explaining in part:

> Petitioner cites subsections (b)(1) and (b)(6) [of Rule 60] in support. Neither provides Petitioner with relief in these circumstances. Petitioner's only basis for the motion was that Petitioner's counsel did not timely receive the June 24, 2007 order. Counsel apparently only recently learned of entry of the order "by a routine case status check." The order was sent electronically to counsel at the electronic mail address submitted by counsel to the Court when counsel registered to receive court documents electronically. Petitioner's claim of not receiving notice does not satisfy Rule 60(b).

See Order Denying Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), filed July 7, 2008, at p. 2-3 (footnote omitted).

Now before the Court is Petitioner's motion for reconsideration or alternatively for a certificate of appealability. For the reasons that follow, the motion is DENIED.

## II. Legal Standards

### A. Motion for Reconsideration

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

### B. Certificate of Appealability

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). See also

---

[1]It is noted that Petitioner did not argue that he never received a copy of Respondent's motion to dismiss, nor did Petitioner challenge the fact that he failed file a response to the motion.

<u>United States v. Hardin</u>, 481 F.3d 924, 926 (6th Cir. 2007) (applying COA requirements to motions under Rule 60(b) filed in habeas proceedings).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, the petition is dismissed on procedural grounds, such as the statute of limitations, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Id</u>. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." <u>Id</u>. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. <u>See Murphy v. State</u>

of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where, as here, a notice

of appeal is filed, the Court must issue a order granting or denying a COA.  Castro v.

United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

## III.  Analysis

Petitioner says that reconsideration is warranted because the Court

misunderstood counsel's grounds for the motion.  Petitioner says that counsel did not

claim that the order was not e-mailed to him, but rather that he did not receive the order,

or notice of its entry, via his computer.  The Court did not misapprehend Petitioner's

argument.  The Court understood Petitioner's argument to be that Rule 60(b) relief was

warranted because his counsel maintained he did not receive notice that the order

dismissing the case was entered.  Moreover, the distinction, if any, between whether the

order was not e-mailed to counsel or whether counsel did not receive it on his computer,

is without a difference.  The fact is that counsel maintains he did not receive the order.

As explained in the July 7, 2008 Order, counsel's failure to receive the order is not

grounds for Rule 60(b) relief.  Petitioner has therefore failed to establish grounds for

reconsideration.

As to whether a COA should be granted, the Court finds for all the reasons stated

in the July 7, 2008 Order that reasonable minds would not debate whether Petitioner

was entitled to Rule 60(b) relief under the circumstances.

SO ORDERED.


Dated:  August 19, 2008          _s/Avern Cohn_____
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 19, 2008, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160